# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BARRY JONES, and ) <br> TAMARA HARRIS, on behalf of ) <br> themselves and all others similarly ) <br> situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> FURNITURE BARGAINS, LLC, ) <br> ) <br> Defendant. ) <br> ) <br> ) | No. 09 C 1070 <br><br> Judge Wayne R. Andersen <br><br> Mag. Judge Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before the Court is Plaintiffs Barry Jones and Tamara Harris' (collectively "Plaintiffs") motion to approve sending notice of the right to opt in [19] and motion to compel [33]. Specifically, Plaintiffs request an order allowing them to send notice of the right to opt in to this case to all similarly situated people, approval of the form of the notice to be sent, and an order compelling Defendant Furniture Bargains, LLC ("Defendant" or "Furniture Bargains") to supplement its responses to written discovery to include information as to all ten of its stores. This matter was referred to this Court by Judge Andersen in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. For the following reasons, the Court grants Plaintiffs' motion to approve sending notice to opt in [19] and Plaintiffs' motion to compel [33].

## I. BACKGROUND FACTS

On February 19, 2009, the named Plaintiffs sued Furniture Bargains on behalf of

themselves and others similarly situated for violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA" claim) and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* (the "IMWL" claim). Defendant is a company that sells furniture, employing furniture salespersons. Plaintiffs, one current and one past employee, seek to recover unpaid minimum wage and overtime owed to them and fellow furniture salespersons from Furniture Bargains. More specifically, Plaintiffs allege that the majority of the furniture salespersons at Furniture Bargains are not paid the federally mandated minimum wage of $6.55 an hour during each individual work week. (Complaint, ¶ 15.) In their Complaint, Plaintiffs contend that the majority of the furniture salespersons employed by Furniture Bargains were paid $200 per week for forty-hour or longer work weeks, the equivalent of $5.00 or less per hour. (Complaint, ¶ 16.) Furniture Bargains denies these allegations.

Plaintiff Barry Jones ("Jones") was hired on September 2, 2008 as a furniture salesperson for Furniture Bargains, and was terminated on February 12, 2009. Plaintiff Tamara Harris ("Harris") was hired as a furniture salesperson on October 23, 2008, and continues to work for Furniture Bargains in that capacity. Furniture Bargains operates ten stores in Illinois and Indiana. Plaintiff Jones briefly worked in two of the Illinois stores, Calumet City and Homewood. Plaintiff Harris has worked, and continues to work, at the Calumet City location. In the complaint, Plaintiffs contend that other employees are similarly situated. (Complaint, ¶20-21, 30.)

Now, Plaintiffs seek leave of Court to send notice to all similarly situated people of their right to join this action. In a related motion, Plaintiffs seek an order compelling Defendant to produce the requested documents and to supplement its interrogatory

2

answers to include information for all ten of its stores in order to determine other similarly situated employees.

## II. LEGAL STANDARDS

An FLSA suit on behalf of similarly situated employees is referred to as a "collective action." *Heckler v. DK Funding, LLC*, 502 F.Supp 2d 777, 779 (N.D. Ill. 2007). An FLSA collective action is similar to a class action under the Federal Rules of Civil Procedure in that "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989)(interpreting opt-in provision in ADEA that incorporates Section 16(b), as amended 29 U.S.C §216(b)). However, the opt in requirement of Section 216(b) of the FLSA preempts the class formation procedure of "opting out" under Federal Rule of Civil Procedure 23, and the distinction affects the notice that must be given to potential class members based on due process considerations. 29 U.S.C. § 216, *Flores v. Lifeway Food, Inc.*, 289 F.Supp.2d 1042, 1044 (N.D.Ill. 2003). It is noted that despite the differences between a class action and a collective action, members of the collective action are also referred to as a "class."

Under Section 216(b), similarly situated individuals are allowed to become parties to a collective action. 29 U.S.C §216(b)). However, "no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Hoffman-LaRoche*, 493 U.S. at 168. Neither the FLSA nor the regulations promulgated thereunder define the term "similarly situated." *Mielke v. Laidlaw Transit, Inc.*, 313

3

F.Supp.2d 759, 762 (N.D.Ill. 2004). Therefore, courts have developed various methodologies and criteria for determining whether an FLSA lawsuit should proceed as a collective action. *Jirak v. Abbott Labs., Inc.,* 566 F.Supp.2d 845, 847 (N.D.Ill., 2008). The majority of courts, including this Court, have employed a two-step method for determining whether an FLSA lawsuit should proceed as a collective action. *Id.*

Under step one of the collective action test, Plaintiffs only need to make a minimal showing that potential members of the class are similarly situated. *Mielke*, 313 F.Supp.2d at 762. This determination is made using a "lenient interpretation" of the term "similarly situated." *Id.* "[A] court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). If the plaintiff can make this minimal showing, the class is conditionally certified and notice is sent to potential class members, giving them an opportunity to opt in. *Heckler*, 502 F.Supp.2d at 779; *Mielke*, 313 F.Supp.2d at 762.

This opinion does not consider the second step and does not reach the issue of class certification under the FLSA. The "similarly-situated" determination is only being made for the limited purpose of determining whether notice is appropriate; it is not a final determination of the issue. *See Jirak,* 566 F.Supp.2d at 847. Specifically, after the potential class members receive notice and opt in to the case, and after merits discovery is concluded on their claims, the courts typically make a second "similarly situated" determination - at the request of the defendant, based on a full record - to determine whether class members are sufficiently similar such that it is appropriate to allow the case to proceed to trial on a collective basis. *Id.*

If this Court finds that Plaintiffs meet the minimal showing that others in the potential class are similarly situated under the first step, then we consider the method of the notice process. This Court has discretionary authority over the notice process. *Gambo v. Lucent Technologies*, Inc., 2005 WL 3542485, *3 (N.D.Ill., Dec. 22, 2005).

As to Plaintiffs' motion to compel, the Federal Rules of Civil Procedure allow broad discovery. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) states that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... [and is of] discoverable matter." *Id.* Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Murata Mfg. Co. v. Bel Fuse, Inc.*, 422 F.Supp.2d 934, 945 (N.D.Ill.2006) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Even if relevant, discovery will not be allowed if the requesting party fails to show the need for the information, or if compliance with a request is unduly burdensome or oppressive, or where the harm of disclosure outweighs the need for the information. Fed. R. Civ. P. 26(b)(2)(c). The standard allowing broad discovery under Rule 26 does not take away Defendant's right to argue that discovery produced in this case is inadmissable later.

### III.    ANALYSIS

#### A.    Conditional Certification

In their motion to approve sending notice, Plaintiffs seek leave to send notice and for this Court's approval of the form of the notice to be sent. In order to facilitate the sending of the notice to potential plaintiffs, these Plaintiffs also ask this Court to order Furniture Bargains to produce the names and addresses of all similarly situated employees and former employees whose claims have not tolled.

If the Plaintiffs can make the minimal showing that the putative class members were victims of a common policy or plan that violated the law, the collection action members will be conditionally certified and notice sent to potential members, giving them an opportunity to opt in. *Jirak,* 566 F.Supp.2d at 847. Here, in their complaint, Plaintiffs allege that they worked as furniture salespersons for the Defendant, that the Defendant employed other persons who perform the same or substantially similar job duties, and that all persons employed by the Defendant who performed the same or substantially similar job duties were compensated by the Defendant under the same compensation plan. (Complaint, ¶21-22.)

In addition, in their affidavits attached to this motion, Plaintiffs state that furniture salespersons in the two branches they observed had similar duties and were compensated pursuant to the same compensation plan. (Motion, Exs.2-3.) Plaintiffs also state that on numerous occasions, they and other furniture salespersons they observed worked more than 40 hours per week and were not paid federal minimum wage and were not compensated for working overtime. (*Id.*)

In their reply in support of the motion, Plaintiffs allege that Defendant's document production shows that at least twelve furniture salespersons at the two branches where the Plaintiffs worked, including Plaintiffs, were paid at the same rate as the Plaintiffs,

6

$200 per full-time work week, in violation of the minimum wage requirement. (Reply, p. 2-3.)

Defendant argues that the motion to send notice under Section 216(b) should be denied because Plaintiffs do not satisfy their burden to show a factual nexus between themselves and the putative collection action members because their submissions are specific only to their personal experiences with Furniture Bargains and have no bearing on any other former or current salesperson. (Response, p. 3-4.) Therefore, Furniture Bargains argues Plaintiffs cannot demonstrate that any Furniture Bargains salesperson, including themselves, was subject to a common policy or plan that violated the FLSA. Contrary to Defendant's argument, there is evidence in the record developed thus far showing that the potential class members are similarly situated. Plaintiffs produced their pay stubs showing they were paid $200 per week for forty-hour or more work weeks, which is consistent with their allegations that a common plan to violate the FLSA was in place. In addition, Plaintiffs state in their affidavits that other furniture salespersons were paid under the same compensation plan. Plaintiffs also contend that Defendant has produced payroll material of ten other salespersons that were paid less than minimum wage. Moreover, Plaintiffs do not have to show that the potential class members have identical positions for conditional certification to be granted; plaintiffs can be similarly situated for purposes of the FLSA even though there are distinctions in their job titles, functions, or pay. *See Perry v. Nat'l City Mtge., Inc.*, 2007 WL 1810472, *3-4 (S.D.Ill. June 21, 2007).

Defendant also argues that Plaintiffs have not met their burden to show the required nexus as they did not identify any similarly situated salespersons in their

answers to interrogatories.  However, at this early stage of discovery, Defendant has not produced any discovery regarding the eight stores Plaintiffs did not work at and produced only limited discovery regarding the Calumet City and Homewood stores.  For this reason, Plaintiffs request that this Court order Defendant to produce discovery, including the names and addresses of other furniture salespersons working for Furniture Bargains, in this motion and the related motion to compel.

      Finally, Furniture Bargains argues that if this Court does find that Plaintiffs have satisfied their burden of showing they are"similarly situated" to the putative class members and allows issuance of notice of the right to opt in, the collective class should be limited to the salespersons at the Calumet City and Homewood Furniture Bargains stores.  Furniture Bargains contends that Plaintiffs cannot show that the same policies and procedures were followed at Defendant's other eight stores.  However, as Plaintiffs point out, in answering Plaintiffs' interrogatory no. 13 which asked if "Defendant's policies regarding furniture salesperson's duties or pay vary from locale to locale," Defendant answered "no."  In addition, Defendant's argument about dissimilarities in the class is more appropriately decided at step two, after it is known who the possible class may consist of, and after future factual issues are resolved during discovery.  *See Jirak,* 566 F.Supp.2d at 850.

      At this stage, Plaintiffs have made the minimal showing that others in the potential class are similarly situated in order to send notice under Section 216(b).  We find that the allegations in the Complaint, together with Plaintiffs' affidavits, the Defendant's payroll records showing that twelve furniture salespersons may have been paid at a rate which is less then federal minimum wage, and Defendant's answers to

interrogatories establish a sufficient factual nexus between Plaintiffs' and the employees at the ten Furniture Bargains locations.  Therefore, Plaintiffs have met their burden to make a minimal showing that the employees are "similarly situated."  For these reasons, conditional certification is granted.

To make the sending of notice possible, and because the information may otherwise lead to the discovery of relevant information, Furniture Bargains is to produce the names and addresses of all furniture salespersons who were employed at any of Defendant's ten locations at any time between February 19, 2006 and the present.

In their response brief, Defendant requests that we strike or remove Plaintiffs' state law claims or in the alternative, deny any request by Plaintiffs to certify this putative class under Rule 23.  Such action is premature at this stage in the litigation.  Plaintiffs have not sought class certification of their state law claims in the pending motions. This decision has no bearing on Plaintiffs' state law claims or class certification of those claims under Rule 23.

### B. Form of the Notice

Once a collective action is conditionally approved, "the court has managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffmann-LaRoche*, 493 U.S. at 170-71.  In approving a notice to potential plaintiffs, the Court must be careful not to create an "apparent judicial sponsorship of the notice." *Woods v. New York Life Ins. Co.,* 686 F.2d 578, 581 (7th Cir., 1982).

Plaintiffs proposed a form of notice.  Defendant argues in its response that Plaintiffs' proposed notice should be amended in one respect.  Defendant requests that

9

the following language be added to the end of the first paragraph of section 5: "If the Court rules in favor of Defendant Furniture Bargains, you will not be entitled to any relief should you join this action." (Response, p. 10.) We have reviewed Plaintiffs' proposed notice and the amendment suggested by Defendant. In this Court's discretion, we find that the following sentence should be added to the end of the first paragraph of section 5: "If the Court rules in favor of Defendant Furniture Bargains, you will not <u>necessarily</u> be entitled to any relief should you join this action." (Emphasis only added to show this Court's addition to the sentence). The remainder of Plaintiffs' proposed form of notice is approved.

  **C.** **Motion to Compel**

In their motion to compel, Plaintiffs request that this Court compel Defendant to supplement its answers to interrogatories and produce the responsive documents as to all ten of its stores. As stated above, the parties have conducted limited written discovery in this matter. In April 2009, Plaintiffs propounded their first set of discovery requests to Defendant requesting among other documents, the personnel records and time records of "Plaintiffs and the putative class members." After being ordered by this Court to respond to Plaintiffs' discovery, Defendant responded on July 22, 2009. On July 23, 2009, Plaintiffs informed the Court that they only received one document from Defendant, and we again ordered Defendant to produce its responsive materials.

On July 28, 2009, the parties participated in a "meet and confer" to discuss discovery. During the parties' conference, they were not able to come to an agreement regarding the scope of discovery. (Motion, p. 2; Response, p. 2.) Defendant's position was that it planned to limit its discovery responses to the personnel records for those

putative collection action members from the Calumet City and Homewood locations because those are the only stores where Plaintiffs worked. (*Id.*) Plaintiffs would not agree to this limitation. Therefore, on July 28, 2009, Plaintiffs filed the pending motion to compel requesting that Furniture Bargains be compelled to supplement its document production and answers to interrogatories to include information for all ten Furniture Bargains' stores. On August 3, 2009, following the entry of an Agreed Protective Order in this matter, Defendant produced the personnel and time records for all furniture salespersons, past and present, who worked at the Calumet City and Homewood store locations. (Response, p. 2.)

As discussed above, Plaintiffs' contend that Furniture Bargains should produce the requested documents and supplement its interrogatory answers to include information for all ten stores because Plaintiffs seek to represent putative collection action members from all ten of Defendant's stores. Defendant objects to the breadth of this discovery because Plaintiffs do not identify any putative members from the eight stores in which they have not worked. Rule 26(b)(1) states that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... [and is of] discoverable matter." Fed. R. Civ. P. 26(b)(1). In addition, collective actions under Section 216(b) necessitate a broader scope of discovery in order to identify similarly situated employees who may wish to opt-in to the suit. *Acevedo v. Ace Coffee Bar, Inc.,* 248 F.R.D. 550, 554 (N.D.Ill., 2008)(ordering defendants to respond to plaintiff's discovery requests seeking information regarding similarly situated employees). Plaintiffs are entitled to obtain discovery regarding the potential putative class members, both to assist in preparing their case for the second

step of certifying a collection action class and to prove their case. *Id.* Therefore, Defendant is to respond to Plaintiffs' requests for information regarding similarly situated employees.

Plaintiffs' motion to compel is granted. Furniture Bargains is to supplement its answers to interrogatories and responses to requests to produce propounded by Plaintiffs on April 21, 2009 to include information regarding all ten of its stores.

## IV. CONCLUSION

For the forgoing reasons, Plaintiffs' motion to approve sending notice to opt in [19] is granted. This case is conditionally certified as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act. The Court authorizes Plaintiffs to send notice of the pendency of this lawsuit to the furniture salespersons who worked for Furniture Bargains, LLC, at any of its ten locations, at any time between February 19, 2006 and the present. We approve Plaintiffs' proposed notice subject to the modification discussed above. Plaintiffs must submit the modified notice to this Court for final approval no later than October 21, 2009. Defendant is furthermore ordered to provide Plaintiffs, no later than October 19, 2009, with a list of current and former employees who worked at any of the aforementioned Furniture Bargains, LLC locations from February 19, 2006 through the present. Finally, Plaintiffs' motion to compel [33] is granted. Furniture Bargains, LLC is to supplement its answers to interrogatories and responses to requests to produce propounded by Plaintiffs on April 21, 2009 to include information regarding all ten of its stores by October 23, 2009.

ENTERED:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated:** October 9, 2009